# SUPREME COURT.

## EMILY COIT vs. JOSHUA COIT.

A wife cannot sue her husband *without a next friend*, except, in the single case of a suit for an absolute divorce. This was the equity rule of practice in such cases, previous to the adoption of the code; and *held*, that it must be the same under the present code.

*New York Special Term, October*, 1849.—This was a suit brought by the wife against her husband to recover possession of a house and lot in the city of New York, claimed to be the separate property of the wife by deed from her husband. When the cause was called in its order on the calendar, the defendant obtained judgment dismissing the complaint.

Motion was now made to set aside that judgment on the allegation that the plaintiff had a meritorious cause of action.

To which it was objected that the plaintiff could not sustain a suit in her own name, and that no valid and effectual judgment could be rendered for her in the suit.

EDMONDS, Justice.—Formerly at law, the wife could not sue her husband, because during coverture her legal existence was suspended. In equity, however, she could; but according to the course and practice of the court only, by the instrumentality of a next friend or guardian. Our statute, however, made an exception where she filed her bill for a divorce. In such a case, she was allowed to sue in her own name.

The code has now, however, permitted her to sue without joining her husband, in all actions which concern her separate property, or which are between herself and her husband. In other words, the rule in equity which recognized her separate legal existence, has now been made applicable to the foregoing cases, whether in law or equity. This suit is one of those cases, for it concerns what she claims to be her separate property. She may, therefore, sue alone; that is, without joining her husband; but it does not by any means follow, that she may sue without having a next friend to be responsible for the costs of her "false clamor."

There is a marked difference between the language used in the code in this respect and that used in the Revised Statutes, in respect to her suits for a divorce. Under the former "she may sue alone," that is, without joining with her husband. Under the latter she may sue "in her own name, that is, without a next friend."

Under the Revised Statutes it was properly held that she need not have a next friend, to be responsible for costs, and their language could not

possibly be construed to apply to a capacity to sue without joining her husband as a party. The Legislature evidently intended to increase her protection by giving her a right freely to resort to a court to obtain redress against her husband's infidelity, without the embarrassment of giving security for costs, and especially in a suit where she might compel the defendant to contribute towards those very costs, even before her case was proved or tried.

I cannot, therefore, acknowledge the force of the argument sought to be drawn from the practice under this provision of the Revised Statutes and hold that she may sue without a next friend, because she is authorized to sue without joining her husband as a party with her.

On the other hand, I am of opinion, that the whole of the equity rule ought to be applied, for the reasons of the rule are peculiarly applicable.

By that rule a next friend was required because the married woman was so situated that she could not have the protection of her husband, and must, therefore, resort to that of some other person. Such next friend need not, however, be a relation. He might be a stranger, but he must be a person of substance enough to be answerable for the costs. He is of her own selection and no one can bring a suit for her as her next friend without her consent, and the rule, while it thus aims at her protection, also has in view the protection of others against her unfounded proceedings. Hence, when the next friend of a married woman has become insolvent, the suit has been stayed until a new one was selected or security was given for the costs. So, when the next friend absconded or died. (*Pennington* v. *Alvin*, 1 S. & S. 264; *Drinan* v. *Manrix*, 3 Dr. & W. 154; *Greenaway* v. *Rotheram*, 9 Sim. 88; *Barlee* v. *Barlee*, 1 S. & S. 100.)

This question was well considered in our Court for the Correction of Errors, in *Wood* v. *Wood*, (8 Wend. 357.) The chancellor in that case, (which was a bill filed for separation because of ill usage) had reversed an order of a vice chancellor granting alimony, because the wife had sued in her own name without a next friend. And while the chief justice and other members of that court differed on the question whether she might not in such case as well as in a suit for an absolute divorce, sue in her own name, they all agreed that in all other cases, she could not sue except by her next friend, who must be a responsible person in order to protect others against her improper prosecutions and to interpose a salutary check upon them.

This was the law of this state when the code was enacted, and it would be quite unaccountable that the Legislature, while it increased the wife's

protection, should overlook the salutary checks then existing and well established against an abuse of the enlarged privilege conferred upon her.

This case of *Wood* v. *Wood*, is not only in point to show that a wife cannot sue her husband without a next friend, except in the single case of a suit for an absolute divorce, but also to show that if she does, the objection may be taken at any time, for the reason that it would be useless to go on with a suit which it was apparent to the court could not be sustained, and which had been prosecuted in open violation of the rules and practice of the court.

For these reasons this motion must be denied.